IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LADONNA J. ARTHUR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-10-491-SPS |

## OPINION AND ORDER

The claimant Ladonna J. Arthur requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining that she was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and the case is REMANDED to the ALJ for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful

work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step One requires the claimant to establish that she is not engaged in substantial gainful activity. Step Two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). *See also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born July 29, 1964, and was forty-five years old at the time of the administrative hearing. (Tr. 28, 109). She earned a GED, and has worked as a dispatcher/jailer, cashier/stocker/store keeper, and hand packer. (Tr. 50-51, 141). The claimant alleged that she has been unable to work since January 15, 2007, due to her back right leg, right and left hands, and depression. (Tr. 133).

## Procedural History

On May 21, 2008, the claimant protectively applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434 (Tr. 106-110), and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Osly F. Deramus conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated March 30, 2010. (Tr. 14-21). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform sedentary work, 20 C.F.R. §§ 404.1567(a) and 416.967(a), limited to only occasionally stooping, crouching, crawling, kneeling, balancing, or climbing stairs, and never climbing ladders. (Tr. 18).

The ALJ then concluded that the claimant could return to her past relevant work as a dispatcher/jailer. (Tr. 20).

## Review

The claimant contends that the ALJ erred:  (i) by improperly ignoring probative evidence of her obesity; (ii) by failing to properly consider the opinions of consulting physician Dr. Lance E. Rosson and Rehabilitation Consultant Lon Huff; and (iii) by failing to find her depression, asthma, and bilateral hand pain were severe impairments. Because the Court finds that the ALJ *did* improperly ignore probative evidence of the claimant's obesity and asthma, the decision of the Commissioner must be reversed.

The relevant medical evidence shows that the claimant was assessed as obese and has been treated for asthma since early 2005.  In February 2005, the claimant was admitted to the emergency room because she believed she was having an allergic reaction to something and she was having a difficult time breathing.  The claimant reported that she had asthma, but that she had not taken her medications for two days.  The clinical impressions were asthma and anxiety.  (Tr. 222, 224).  At that time, she weighed 230 pounds.  (Tr. 224).  On July 9, 2005, she was again admitted to the ER with coughing and difficulty breathing.  The clinical impression was that her asthma was exacerbated, but "not hypoxic."  (Tr. 233, 236).  On September 18, 2006, the claimant weighed 276 pounds when she was treated at Seminole Family Medicine for her back pain.  (Tr. 188). On November 11, 2006, the claimant reported to Dr. Shadid at Spine Care of Oklahoma that she had been diagnosed with asthma and was taking Singulair, an asthma medication. (Tr. 197-199).  Dr. Stephen Andrade performed a series of epidural steroid injections into

the claimant's cervical spine during the fall of 2007. Several times, the notes indicated that the claimant was obese, had asthma, and was taking asthma medications. (Tr. 205-206, 211, 216). On April 15, 2008, Dr. Sanders at Physicians Health Clinic treated the claimant for her right knee pain, but also made a note that the claimant had reported that her asthma was under control for the first time after starting Advair 500/50. (Tr. 331). At a July 12, 2008 consultative exam, Dr. Lauren Devoe noted that the claimant reported a recent 20-pound weight gain as well as shortness of breath. At this visit, the claimant weight 284 pounds, and Dr. Devoe noted that the claimant was obese and that she had difficulty walking, bending, squatting, and rising from a squatting position due to her back discomfort and weight. (Tr. 270-271). This was also noted the next month by a state reviewing physician. (Tr. 293, 298). On January 9, 2009, Dr. John Munneke evaluated the claimant in conjunction with her worker's compensation claim. As relevant, he noted her history of asthma, that she was taking asthma medication, and that she was "overly nourished" at 296 pounds. (Tr. 319). That same week, Dr. Sanders treated the claimant for pneumonia with chest pain. He noted that her lungs had faint basilar crackles and wheezes, and that she was morbidly obese. (Tr. 323).

     At the administrative hearing, the ALJ asked the claimant how tall she was and how much she weighed. The claimant said that she was five feet, three inches tall, and that she weighed, "Too much. 283 pounds." (Tr. 31). Upon further questioning by the claimant's attorney, the claimant stated that 160 pounds, not 283 pounds, was her normal weight, and that she last weighed 160 pounds over two years earlier. (Tr. 43). The ALJ

also informed the claimant that he was aware she was taking medication for asthma, and the claimant confirmed that she had been diagnosed with asthma. (Tr. 47).

A claimant has the burden of proof at step two of the sequential analysis to show that she has an impairment which is severe enough to interfere with the ability to work. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). Although a claimant "must show more than the mere presence of a condition or ailment[,]" *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997), the claimant's step-two burden only requires a *de minimis* showing of impairment. *Hawkins*, 113 F.3d at 1169, *citing Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). The ALJ specifically raised the possibility that the claimant's obesity and asthma were severe impairments during her testimony at the administrative hearing, but made no mention whatever of obesity or asthma (or any of the evidence documenting them) in his written opinion. *See, e. g., Spicer v. Barnhart*, 64 Fed. Appx. 173, 177-178 (10th Cir. 2003) (reversing ALJ's decision when he failed to even mention an impairment making it impossible to determine if he formed any conclusion regarding the impairment individually or in combination with other impairments when evaluating the RFC) [unpublished opinion]. Although a finding of non-severity might be inferred from the ALJ's failure to discuss the impairments, such an inference is beyond the scope of review, *see Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) (A reviewing court is "'not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991), particularly where, as here, the Court is unable to determine whether the ALJ considered the impairments at all. At a minimum, the ALJ should have evaluated and discussed the underlying evidence of the

claimant's obesity and asthma, *then* explained why he did not find them to be a severe impairment. *See Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). *See also Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003) (remanding "for the ALJ to articulate specific findings and his reasons for ignoring . . . evidence.").

Further, the ALJ failed to make any findings in the credibility determination as to why (or even whether) the claimant's obesity and asthma were rejected as severe impairments. Indeed, the ALJ's entire credibility analysis here was the following: "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not been credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 16). The ALJ should have *first* evaluated the claimant's testimony (along with all the other evidence) according to the guidelines *and only then* formulated an appropriate RFC, not the other way around. Instead, he made no mention of either the claimant's complaints of difficulties related to her weight or her treatment for asthma. His credibility analysis should have "expressly reflected" his consideration and rejection of the claimant's testimony that she weighed more than 100 pounds more than what she considered to be her normal weight, and that

she had been diagnosed with asthma. *See, e. g., Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988) ("Before finding that a claimant experiencing pain from a medically determinable impairment is not disabled, an ALJ must carefully consider all the relevant evidence, including subjective pain testimony, and expressly reflect that consideration in the findings."). *See also Bjornson v. Astrue*, 2012 WL 280736 at *4-5 (7th Cir. Jan. 31, 2012) (slip op.) ("[T]he passage implies that ability to work is determined first and is then used to determine the claimant's credibility. That gets things backwards. . . . Doubts about credibility were thus critical to his assessment of ability to work, yet the boilerplate implies that the determination of credibility is deferred until ability to work is assessed without regard to credibility, even though it often can't be.").

Finally, assuming *arguendo* that the ALJ properly determined that the claimant's obesity and asthma were not severe impairments, he should nevertheless have considered those non-severe impairments along with all her severe impairments in formulating her RFC. *See Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("In determining the claimant's RFC, the ALJ is required to consider the effect of *all* of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'"), *citing* Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *5 (1996). *See also Fleetwood v. Barnhart*, 211 Fed. Appx. 736, 741-42 (10th Cir. 2007) (noting that "obesity is [a] medically determinable impairment that [the] ALJ must consider in evaluating disability; that [the] combined effect of obesity with other impairments can be greater than effects of each single impairment considered individually; and that obesity

must be considered when assessing RFC."), *citing* Soc. Sec. Rul. 02-01p, 2000 WL 628049, at *1, *5-*6, *7.

For the reasons discussed, the Commissioner's decision must be reversed and the case remanded to the ALJ for further analysis of the claimant's obesity and asthma. On remand, the ALJ should properly determine the impact of the claimant's obesity and asthma on her RFC (whether or not he decides they are severe impairments) and, if any changes are made to the RFC, re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The Commissioner's decision is accordingly REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 27th day of March, 2012.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma